IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez

Civil Action No. 11-cv-01288-WJM

JOSHUA J. VIGIL,

      Applicant,

v.

JOHN DAVIS, Warden, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Joshua J. Vigil, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Buena Vista,

Colorado, Correctional Complex.  He has filed *pro se* an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his

convictions in Jefferson County, Colorado, district court case number 03CR812.  He has

paid the $5.00 filing fee.  ECF No. 1 is an example of the convention the Court will use

to identify the docket number assigned to a specific paper by the Court's electronic case

filing and management system (CM/ECF).  The Court will use this convention

throughout this order.

On May 24, 2011, United States Magistrate Judge Boyd N. Boland ordered

Respondents to file within twenty-one days a pre-answer response limited to addressing

the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of

state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On June 10, 2011, Respondents

filed their pre-answer response (ECF No. 6).  On July 1, 2011, Mr. Vigil filed a reply

(ECF No. 7) to the pre-answer response.

The Court must construe liberally Mr. Vigil's filings because he is not represented

by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate

for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the

application will be denied in part.

On March 2, 2004, Mr. Vigil was convicted by a jury in Jefferson County District

Court Case No. 03CR812 on charges of second-degree murder, two counts of second-

degree assault, kidnapping, and tampering with physical evidence, for the stabbing

death of his cousin, Monica Gutierrez, and the assault of her boyfriend, Paul Vigil.  *See*

ECF No. 6 (pre-answer response), ex. 2 (Mr. Vigil's opening brief) at 10.  On April 16,

2004, Mr. Vigil was sentenced to a total of forty years in the DOC.  *See* ECF No. 6 (pre-

answer response), ex. 3 (answer brief) at 10.  On September 20, 2007, the Colorado

Court of Appeals affirmed the sentence on direct appeal.  *See* ECF No. 6 (pre-answer

response), ex. 4 (*People v. Vigil*, No. 04CA0971 (Colo. Ct. App. Sept. 20, 2007) (not

published).  On March 10, 2008, the Colorado Supreme Court denied *certiorari* review.

*See* ECF No. 6 (pre-answer response), ex. 6.

On July 7, 2008, Mr. Vigil filed a motion for reconsideration of sentence pursuant

to Rule 35(b) of the Colorado Rules of Civil Procedure, which the Trial Court denied on

July 21, 2008.  *See* ECF No. 6 (pre-answer response), ex. 1 (docket sheet for No.

03CR812) at 14.

On March 5, 2009, Mr. Vigil filed a postconviction motion pursuant to Colo. R.

Crim. P. 35(c) alleging ineffective assistance of counsel, which the Trial Court denied on March 10, 2009.  *See* ECF No. 6 (pre-answer response), ex. 1 at 13.  On January 13, 2011, the Colorado Court of Appeals affirmed.  *See* pre-answer response, ex. 10 (*People v. Vigil*, No. 09CA0622 (Colo. Ct. App. Jan. 13, 2011) (not published).  On April 18, 2011, the Colorado Supreme Court denied *certiorari* review.  *See* ECF No. 6 (pre-answer response), ex. 12.

On May 16, 2011, Mr. Vigil filed his application for writ of habeas corpus with this Court.  Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d).  Therefore, the Court need not address further the one-year limitation period.

Mr. Vigil asserts the following claims.

1.      Trial counsel provided him with ineffective assistance because he did not "independently test any of the key evidence or consult with a forensic expert."  ECF No. 1 (application) at 8.

2.      Trial counsel provided him with ineffective assistance because he did not consult an expert to determine whether some of the bruises on Monica Gutierrez's body were inflicted by Paul Vigil.

3.      Trial counsel provided him with ineffective assistance because he did not retain a forensic expert to assess whether Paul Vigil's injuries constituted serious bodily injury or whether the soles of Mr. Vigil's shoes matched the imprints on Paul Vigil's body.

4.      Appellate counsel provided him with ineffective assistance for failing to argue "the issue of trial error of introduction of inadmissible hearsay evidence, in violation of *Crawford v. Washington*."  *Id.* at 11.

5.      Trial counsel and appellate counsel provided him with ineffective assistance "when the errors are considered

3

cumulatively."  *Id.* at 12.

6.      "The trial court violated Mr. Vigil's federal and state constitutional rights to confront witnesses, to present a defense and to a fair trial," by disallowing evidence of a fight Mr. Vigil had witnessed about seven years before the murder between Monica Gutierrez and her brother.  *Id.* at 12.

7.      The trial court denied Mr. Vigil his right to confrontation when it "did not allow the defense to effectively cross-examine Augustine Garcia, the informant, or Paul Vigil, the alternate suspect."  *Id.* at 13.

8.      The trial court denied Mr. Vigil his "right to confrontation when it refused to enforce its own order regarding discovery of impeachment information on Augustine Garcia, the informant."  *Id.* at 13.

9.      The trial court denied Mr. Vigil his "constitutional rights to present a defense and to confront witnesses against him" by disallowing evidence that Augustine Garcia "was armed with a weapon in an aggravated robbery for which he was convicted."  *Id.* at 14.

10.      The trial court did not allow the defense effectively to cross-examine Paul Vigil by disallowing evidence that Paul Vigil had previously injured Monica Gutierrez.

11.      The trial court did not allow the defense to introduce evidence that Paul Vigil had caused serious bodily injury to Monica Gutierrez in the past.

12.      The trial court denied Mr. Vigil his right to confront Paul Vigil and impeach him by precluding Mr. Vigil from presenting evidence that Paul Vigil had injured Monica Gutierrez in the past "[e]ven after Paul Vigil opened the door by testifying that he would never hurt Monica Gutierrez."  *Id.* at 16.

13.      Mr. Vigil "was denied his right to a fair trial because of numerous irregularities," i.e., the prosecutor showed the jury a photograph of his tattoo, which the trial court had ruled could be used only for identification purposes, and witness Jessie Hurtado testified that she had taken a lie detector test.  *Id.* at 16.

4

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Vigil satisfied the exhaustion requirement as to claims one, two, three, and five because he presented these claims as federal constitutional issues at all appellate levels through his Colo. R. Crim. P. 35(c) postconviction motion.  They further contend that claim four is procedurally defaulted. Respondents also contend that claims six, ten, eleven, and twelve are exhausted because they were presented at all levels on direct appeal.  Finally, Respondents argue that, because claims seven, eight, nine, and thirteen were presented in Mr. Vigil's opening brief on direct appeal as federal constitutional issues but were not presented in his petition for writ of certiorari, they are not exhausted.  The Court will discuss first the claims Respondents contend were exhausted in postconviction Colo. R. Crim. P. 35(c) proceedings.

<u>Claims One, Two, Three, and Five</u>

As his first claim, Mr. Vigil alleges that trial counsel provided him with ineffective assistance because he did not "independently test any of the key evidence or consult with a forensic expert."  ECF No. 1 (application) at 8.  He raised the claim in the opening brief for his postconviction appeal.  *See* ECF No. 6 (pre-answer response), ex. 7 (opening brief in No. 09CA0622) at 23-29.  The Colorado Court of Appeals addressed and rejected the claim on the merits.  *See* ECF No. 6 (pre-answer response), ex. 10 (No. 09CA0622) at 4-5.  Claim one is available for habeas corpus review.

The Court agrees with Respondents that Mr. Vigil exhausted his second claim that trial counsel provided him with ineffective assistance because he did not consult an expert to determine whether some of the bruises on Monica Gutierrez's body were

inflicted by Paul Vigil. Mr. Vigil presented this claim in the opening brief for his postconviction appeal. *See* ECF No. 6 (pre-answer response), ex. 7 (opening brief in No. 09CA0622) at 29-32. The Colorado Court of Appeals addressed and rejected the claim on the merits. *See* ECF No. 6 (pre-answer response), ex. 10 (No. 09CA0622) at 5-6. Claim two is available for habeas corpus review.

Mr. Vigil also presented his third claim, *i.e.*, trial counsel provided him with ineffective assistance because he did not retain a forensic expert to assess whether Paul Vigil's injuries constituted serious bodily injury or whether the soles of Mr. Vigil's shoes matched the imprints on Paul Vigil's body, in the opening brief for his postconviction appeal. *See* ECF No. 6 (pre-answer response), ex. 7 (opening brief in No. 09CA0622) at 32-34. The Colorado Court of Appeals addressed and rejected the claim on the merits. *See* ECF No. 6 (pre-answer response), ex. 10 (No. 09CA0622) at 6-8. Claim three also is available for habeas corpus review.

The Court agrees that Mr. Vigil exhausted his fifth claim that trial counsel and appellate counsel provided him with ineffective assistance "when the errors are considered cumulatively." ECF No. 1 (application) at 12. He raised the claim in the opening brief for his postconviction appeal. *See* ECF No. 6 (pre-answer response), ex. 7 (opening brief in No. 09CA0622) at 37. Although the Colorado Court of Appeals does not appear to have addressed claim five, the claim still is exhausted because Mr. Vigil presented it as a federal claim to the state courts. *See Castille*, 489 U.S. at 351. This claim is available for habeas corpus review.

<u>Claim Four</u>

As his fourth claim, Mr. Vigil alleges that appellate counsel provided him with

ineffective assistance for failing to argue "the issue of trial error of introduction of inadmissible hearsay evidence, in violation of *Crawford v. Washington*." ECF No. 1 (application) at 11. Mr. Vigil presented claim four in his opening brief for his postconviction appeal. *See* ECF No. 6 (pre-answer response), ex. 7 (opening brief in No. 09CA0622) at 34-35. The Colorado Court of Appeals declined to consider the claim because Mr. Vigil failed to comply with a state procedural rule, Rule 28 of the Colorado Appellate Rules, requiring appellants to set forth "the contentions of the appellant with respect to the issues presented, the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Colo. App. R. 28(a)(4), (g). Mr. Vigil failed to provide any specifics regarding his fourth claim; instead, he referenced a motion for new trial, which he attached to his reply brief, *see* ECF No. 6 (pre-answer response), ex. 9 at 25-31, and stated that he expected appellate counsel to raise all the issues presented in that motion.

The state appeals court's refusal to address claim four was an express application of an established state rule of procedural default. Under the independent and adequate state ground doctrine, where the state court's last explained denial of a claim is expressly based on the application of a state rule of procedural default, federal habeas review of the merits of the claim is barred. *See, e.g.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991); *Klein v. Neal*, 45 F.3d 1395, 1398-99 (10th Cir. 1995).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Vigil's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Vigil must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Vigil first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Vigil then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Vigil fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Vigil has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the claim of ineffective assistance of appellate counsel that Mr. Vigil sought to

raise in his Colo. R. Crim. P. 35(c) motion is procedurally barred.  The fourth claim, therefore, will be dismissed as procedurally barred.

<u>Claims Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen</u>

Before the Court addresses claims six, ten, eleven, and twelve, which Respondents contend are exhausted because they were presented at all levels on direct appeal, the Court first will address Respondents' argument that claims seven, eight, nine, and thirteen are not exhausted because they were not presented in Mr. Vigil's petition for certiorari review.

As previously stated, in order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."  *Id.* at 847-48.  Therefore, if a state directs that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has stated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

10

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  The Court agrees with the analyses in these cases and other courts in the District of Colorado, *see, e.g.*, *Krogstad v. Leyba*, No. 07-cv-01074-PAB-KMT, 2010 WL 420043, at *5 (D. Colo. Feb. 1, 2010) (unpublished), and rejects Respondents' argument that Mr. Vigil failed to exhaust claims seven, eight, nine, and thirteen because they were not raised in the Colorado Supreme Court in a petition for *writ of certiorari* after the claims were presented fairly to the Colorado Court of Appeals. Therefore, the Court finds that claims seven, eight, nine, and thirteen are exhausted.  The Court will address claims six through thirteen in chronological order.

As his sixth claim, Mr. Vigil alleges that "[t]he trial court violated Mr. Vigil's federal and state constitutional rights to confront witnesses, to present a defense and to a fair trial," by disallowing evidence of a fight Mr. Vigil had witnessed about seven years before the murder between Monica Gutierrez and her brother.  ECF No. 1 (application) at 12.  He raised the claim in the opening brief for his direct appeal.  *See* ECF No. 6 (pre-answer response), ex. 2 (opening brief in No. 04CA0971) at 28-30.  The Colorado

Court of Appeals addressed and rejected the claim on the merits.  *See* ECF No. 6 (pre-answer response), ex. 4 (No. 04CA0971) at 4-7.  The claim is available for habeas corpus review.

As his seventh claim, Mr. Vigil alleges that the trial court denied his right to confrontation when it "did not allow the defense to effectively cross-examine Augustine Garcia, the informant, or Paul Vigil, the alternate suspect."  ECF No. 1 (application) at 13.  Mr. Vigil presented this claim in the opening brief for his direct appeal.  *See* ECF No. 6 (pre-answer response), ex. 2 (opening brief in No. 04CA0971) at 30-31.  As his eighth claim, Mr. Vigil alleges that the trial court denied Mr. Vigil his "right to confrontation when it refused to enforce its own order regarding discovery of impeachment information on Augustine Garcia, the informant."  ECF No. 1 (application) at 13.  He also presented this claim in the opening brief for his direct appeal.  *See* ECF No. 6 (pre-answer response), ex. 2 (opening brief in No. 04CA0971) at 31-33.

The Colorado Court of Appeals collectively addressed and rejected claims seven and eight on the merits.  *See* ECF No. 6 (pre-answer response), ex. 4 (No. 04CA0971) at 7-9.  Claims seven and eight are available for habeas corpus review.

As his ninth claim, Mr. Vigil alleges that the trial court denied his "constitutional rights to present a defense and to confront witnesses against him" by disallowing evidence that Augustine Garcia "was armed with a weapon in an aggravated robbery for which he was convicted."  *See* ECF No. 6 (pre-answer response), ex. 2 (opening brief in No. 04CA0971) at 33-35.  The Colorado Court of Appeals generally addressed and rejected the claim on the merits.  *See* ECF No. 6 (pre-answer response), ex. 4 (No. 04CA0971) at 9-10.  The claim is available for habeas corpus review.

Mr. Vigil presented his tenth, eleventh, and twelfth claims in the opening brief for his direct appeal.  See ECF No. 6 (pre-answer response), ex. 2 (opening brief in No. 04CA0971) at 35-39.  These claims are that the trial court did not allow the defense to cross-examine Paul Vigil effectively by disallowing evidence that Paul Vigil had previously injured Monica Gutierrez in the opening brief for his direct appeal (claim ten), the trial court did not allow the defense to introduce evidence that Paul Vigil had caused serious bodily injury to Monica Gutierrez in the past (claim eleven), and the trial court denied Mr. Vigil his right to confront Paul Vigil and impeach him by precluding Mr. Vigil from presenting evidence that Paul Vigil had injured Monica Gutierrez in the past "[e]ven after Paul Vigil opened the door by testifying that he would never hurt Monica Gutierrez" (claim twelve).  ECF No. 1 (application) at 16.   The Colorado Court of Appeals collectively addressed and rejected these claims on the merits.  See ECF No. 6 (pre-answer response), ex. 4 (No. 09CA0971) at 10-13.  Claims ten, eleven, and twelve are available for habeas corpus review.

As his thirteenth and final claim, Mr. Vigil alleges he "was denied his right to a fair trial because of numerous irregularities," i.e., the prosecutor showed the jury a photograph of his tattoo, which the trial court had ruled could be used only for identification purposes, and witness Jessie Hurtado testified that she had taken a lie detector test.  ECF No. 1 (application) at 16.  He presented this claim in the opening brief for his direct appeal.  See ECF No. 6 (pre-answer response), ex. 2 (opening brief in No. 04CA0971) at 39-41.  The Colorado Court of Appeals addressed and rejected the claim on the merits.  See ECF No. 6 (pre-answer response), ex. 4 (No. 04CA0971) at 13-15.  Claim thirteen is available for habeas corpus review.

Accordingly, it is

ORDERED that claim four is dismissed as procedurally barred.  It is

FURTHER ORDERED that **within thirty (30) days** from the date of this Order

Respondents are directed to file an answer in compliance with Rule 5 of the Rules

Governing Section 2254 Cases that fully addresses the merits of exhausted claims one,

two, three, five, six, seven, eight, nine, ten, eleven, twelve, and thirteen.  It is

FURTHER ORDERED that **within thirty (30) days** of the filing of the answer

Applicant may file a reply, if he desires.

Dated this 1st day of September, 2011.

BY THE COURT:

William J. Martínez
United States District Judge